Daniel Blanco Comas, demandante y apelante, *v.* Manuel V. Domenech, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

No. 6102.—*Sometido:* Junio 7, 1933. *Resuelto:* Diciembre 1, 1933.

*Diego O. Marrero* y *Alejandro Lamour*, abogados del apelante; *Hon. Procurador General Charles E. Winter* y *Felipe Janer, Subprocurador*, abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La corte de distrito, después de un juicio sobre los méritos, resolvió que el peticionario había sido ilegalmente destituído de su cargo de agente de rentas internas, pero declaró sin lugar la demanda fundándose en la teoría de que la corte no podía ordenar la reposición, en primer término porque el cargo estaba ocupado por otra persona que no había sido hecha parte en el pleito ni oída en el mismo, y en segundo término porque el peticionario había sido culpable de abandono (*laches*), toda vez que había transcurrido más de un año entre la fecha de la destitución ilegal de dicho peticionario y la de su solicitud de mandamus.

██ ██ Al tiempo de su destitución el peticionario estaba, y había estado durante años, incluído en el Servicio Civil Clasificado. Para esa fecha, 27 de junio de 1929, prestaba

servicios en Ponce. En una carta de esa misma fecha, dirigida al peticionario en Ponce, el Tesorero de Puerto Rico le decía: "Habiendo sido suprimidas del Presupuesto de 1929–30 dos plazas de agente de rentas internas, he resuelto designar a usted para una plaza de Inspector de Café, con un sueldo anual de $1,452 a partir de julio 1, 1929." El peticionario entendió que su cargo era uno de los que se mencionaban como suprimidos por la Legislatura. Por unos dos meses o más él permaneció bajo esa impresión. Otras circunstancias, así como la carta misma y toda la atmósfera del caso, indican que el que la escribió tuvo la idea de dar esa impresión. En julio 8 el peticionario fué trasladado a San Juan como Inspector Auxiliar de Café. En una carta de fecha agosto primero, el Tesorero le informó que debería cesar el 15 de agosto por haberse agotado el fondo especial de donde se venía pagando su salario. El 5 de septiembre se le concedieron sesenta días de licencia con sueldo, excluyendo domingos y días de fiesta legales. Esa licencia se extendió desde agosto 16 a octubre 26. Durante la vigencia de la misma se enteró de que el cambio en el presupuesto no había afectado su cargo anterior como agente de rentas internas y que otro agente para el que no se había asignado sueldo alguno había sido nombrado para el puesto. Entonces él tuvo una entrevista con el Jefe del Negociado de Rentas Internas y éste le manifestó que él había estado fuera del servicio desde agosto 15, no obstante la licencia. Entonces él acudió al Presidente de la Comisión de Servicio Civil, quien le aconsejó que se dirigiera a la comisión por escrito, de modo que ella pudiera actuar formalmente. Es conveniente agregar de paso que hasta esa fecha el aquí demandado, ahora Tesorero de Puerto Rico, no había asumido los deberes de su cargo.

El 27 de noviembre el peticionario presentó por escrito su queja a la Comisión de Servicio Civil. En diciembre 4 el Presidente de la Comisión, respondiendo a la carta del peticionario de noviembre 27, lo invitó a que lo visitara a

fín de discutir el asunto en detalle. Una carta fechada abril 9 de 1930, dirigida por el Subtesorero al Presidente de la Comisión de Servicio Civil, demuestra que el Presidente le había escrito al Tesorero en diciembre 20 de 1929, acompañándole la carta del peticionario de noviembre 27, y en el ínterin no había recibido respuesta alguna del Tesorero. La carta del Subtesorero lee así:

"Tengo el honor de contestar su comunicación de diciembre 20, 1929, acompañando carta de Daniel Blanco Comas, empleado que fué de este departamento.

"Con fecha 17 de noviembre de 1926 el Sr. Blanco Comas fué nombrado Agente de Rentas Internas, con un sueldo de $1,252 anuales. En mayo 1 de 1927 su salario fué aumentado a $1,452.

"En el presupuesto de 1929–30, dos de las plazas de Agentes de Rentas Internas, de $1,500 anuales cada una, fueron suprimidas, lo que hizo necesario que este departamento redujese su personal.

"Aunque el Agente Blanco no desempeñaba una de las plazas eliminadas, fué trasladado en julio 1 de 1929 a uno de los puestos de Inspector de Café a razón de $1,452 anuales, a fin de proveer sitio para uno de los agentes que estuvieron desempeñando una de las plazas de $1,500 eliminada.

"Este aparente discrimen en contra de Blanco se debió a repetidas quejas del Agente Corretjer en el sentido de que la conducta de Blanco no era propia, por ser adicto a las bebidas alcohólicas.

"El Agente Blanco no hizo objeción a su traslado al aludido puesto de Inspector de Café, que le fué comunicado por carta de junio 27, 1929, aunque ahora trata de causar la impresión de que este traslado le era enteramente desconocido.

"El 1 de agosto de 1929 se le informó que a causa de falta de fondos, debería cesar el 15 de agosto.

"Luego de una entrevista con el Tesorero anterior, a. Blanco se le concedieron sesenta días de licencia, desde agosto 16 a octubre 26 de 1929, dando por terminados sus servicios en esta última fecha.

"El puesto de $1,452 que Blanco ocupó como Agente fué dado al Agente Sais, quien ha estado en el servicio por muchos años y contra quien jamás se ha formulado la más mínima queja.

"La información que precede ha sido suministrada por el Jefe del Negociado de Arbitrios, toda vez que el que suscribe no tiene conocimiento personal de los hechos del caso, por no haber intervenido directamente en el nombramiento, traspaso o cesantía de este empleado."

Esta carta fué seguida inmediatamente por otra en que el Subtesorero dijo:

"En relación con mi carta de esta fecha, referente al Sr. Daniel Blanco Comas, empleado que fué de este departamento, y particularmente al quinto párrafo de la misma expresando el motivo por el cual el Sr. Blanco fué trasladado del cargo de Agente de Rentas Internas al de Inspector de Café, deseo manifestarle que he sido informado por el Jefe del Negociado de Arbitrios que en los archivos de este departamento no consta correspondencia oficial alguna en el sentido de que la conducta del Sr. Blanco no era satisfactoria, y que las quejas del Agente Corretjer fueron hechas oralmente cuando visitó estas oficinas. Como el Agente Corretjer estaba a cargo del Distrito de Ponce y tenía la superintendencia del trabajo encomendado al Agente Blanco, sus informes respecto a la supuesta conducta de este último no fueron puestos en duda.

"Yo sugeriría, como un acto de justicia al Sr. Blanco, que esta carta se hiciera formar parte de su hoja de servicios oficial."

El 22 de abril de 1930, el Presidente de la Comisión de Servicio Civil, en cumplimiento de una resolución adoptada por ese organismo, notificó al Tesorero que la separación del peticionario a base del informe oral de su jefe inmediato, sin darle la oportunidad de ser oído, era una violación del reglamento del Servicio Civil en su regla VII, y solicitó su reposición. En una carta de la misma fecha, el Presidente de la Comisión de Servicio Civil informó al peticionario en torno al resultado de la investigación practicada por la comisión y dijo que ésta autorizaría la reposición del peticionario cuando el Tesorero lo solicitara. En una carta de mayo 26, Blanco se refirió a la comunicación que recibiera del Presidente de la Comisión de Servicio Civil y a la carta de ese mismo funcionario dirigida al Tesorero; llamó la atención del Tesorero hacia la existencia de una vacante, y solicitó que se tomara acción.

El Tesorero, por carta de mayo 29, contestó que cuando pudieran utilizarse los servicios de Blanco, su solicitud recibiría atención detenida. En 2 de junio Blanco volvió a solicitar que se tomara alguna acción. En la carta que al efecto

escribió hizo mención de una entrevista anterior con el Tesorero. En carta de junio 11, Blanco nuevamente aludió a la solicitud hecha por la Comisión de Servicio Civil para que fuera repuesto; llamó la atención del Tesorero hacia la ambigüedad de la carta de éste de fecha mayo 29, y pidió una respuesta definitiva. El Tesorero replicó en junio 13 que cuando el departamento necesitara sus servicios se lo notificaría. Este pleito fué iniciado el 5 de diciembre de 1930.

Los hechos que anteceden bastarán para explicar la demora del peticionario en comenzar su acción, y la corte de distrito cometió error en negarse a conceder el remedio solicitado fundada en que había existido demora indebida. La corte de distrito también cometió error, a nuestro juicio, al resolver que el peticionario no podía ser restituído en su cargo debido a que el puesto del cual había sido ilegalmente destituído fué nominalmente cubierto con el nombramiento de un sucesor. Véanse 38 C. J. 712, sección 300; íd. 707, sección 291; 18 R.C.L. 265, sección 192.

*La sentencia apelada debe ser revocada y en su lugar esta corte dictará otra ordenando la restitución del peticionario en su cargo.*